**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-782-MEH

ALI AHMED

Plaintiff,

v.

JOHN DOE and LYFT, INC

Defendants.

---

### MOTION FOR SANCTIONS AGAINST DEFENDANT LYFT

---

Plaintiff Ali Ahmed, by and through counsel of record, Galperin & Associates, P.C., submits this Motion for Sanctions Against Defendant Lyft pursuant to Fed. R. Civ. P. 11 and 12 U.S.C. § 1447(c). In support thereof, Plaintiff states as follows:

### CONFERRAL PURUSANT TO D.C.COLO.LCivR 7.1

Counsel for Plaintiff has conferred with counsel for Defendant Lyft. Defendant Lyft opposes the Motion. At this time, counsel for Defendant John Doe has not entered or appeared on behalf of John Doe.

### BACKGROUND

1.      This action arises out of a motor vehicle collision that occurred on December 28, 2020 in Denver County in the state of Colorado.

2.      Plaintiff commenced this action to recover damages from the subject collision in Denver County District Court on March 2, 2021 pursuant to Colo. R. Civ. P. § 98(c)(5).

1

3.      The name and location of Defendant John Doe was unknown to Plaintiff at the commencement of this lawsuit because Defendant Lyft refused to disclose the information unless Plaintiff stipulated to Defendant Lyft's dismissal in exchange for the information. As already represented to the Court at hearing on April 6, 2021, Plaintiff searched for information on the defendant driver through his Lyft App and all information at Plaintiff's disposal, but the search was unsuccessful.

4.      Defendant Lyft has been in possession of the name and location of Defendant John Doe since the time of the motor vehicle collision because Defendant John Doe was transporting Plaintiff via Defendant Lyft's App at the time of the collision. Specifically, Defendant Lyft knew that Defendant John Doe resided in Colorado at the commencement of this action. In order for a driver to transport passengers via Defendant Lyft's App, the driver must reside in the state of application with Defendant Lyft. *See* Letter Correspondence, dated March 16, 2021, attached hereto as **Exhibit A.**

5.      On March 16, 2021, Defendant Lyft removed the case to this Court based on diversity jurisdiction. **Defendant Lyft misrepresented to the Court and to Plaintiff** that there was diversity jurisdiction, when in fact Defendant Lyft had knowledge all along that Defendant John Doe was a citizen of the state of Colorado at the commencement of the lawsuit.

6.      Defendant Lyft asserts that removal was proper because Defendant John Doe is a fictitious Defendant, and domicile of a fictitious defendant is not considered for diversity purposes. However, as far as Defendant Lyft is concerned, Defendant John Doe was never fictitious because Defendant Lyft has known Defendant John Doe's identity and location since the collision occurred.

7.      Defendant Lyft represented to the Court that there were conceived ethical issues in disclosing Defendant John Doe's identity and whereabout without the Court's Order, yet this assertion cannot be accurate because Defendant Lyft offered to release the information to Plaintiff

in exchange for Plaintiff's stipulation to dismiss Defendant Lyft, which Plaintiff refused, and the request for expedited discovery ensued. *See* Email Correspondence, dated March 22, 2021, attached hereto as **Exhibit B.**

8.      Pursuant to the Court's Order on April 6, 2021, Defendant Lyft disclosed its driver's name and address on April 13, 2021, identifying Defendant John Doe as Vanessa Herrera with an address at 2929 W. Floyd Avenue, Apartment 116, Denver, Colorado 80236. *See* **Exhibit C.**

9.      Contemporaneously with this Motion, Plaintiff moves to amend the Complaint to substitute Vanessa Herrera for Defendant John Doe and to properly remand the case to state court pursuant to Fed. R. Civ. P. § 1447(c).

## <u>ARGUMENT AND AUTHORITIES</u>

10.      In pertinent part, Fed. R. Civ. P. 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

11.      Fed. R. Civ. P. 11 further provides that the Court may impose an appropriate sanction if the Court determines the Fed. R. Civ. P. 11(b) has been violated.

12.      Defendant Lyft and its counsel, improperly removed this matter to this Court, thereby violating Fed. R. Civ. P. 11(b) by, including but not limited to, frivolously removing the case, needlessly increasing the cost of litigation, causing unnecessary delay, and harassing Plaintiff.

13.     Specifically, Defendant Lyft and its counsel, removed this case to this Court with actual knowledge that the Court lacked de facto jurisdiction over the matter. Defendant Lyft has possessed knowledge all throughout that Defendant John Doe resided in Colorado at the commencement of this action.

14.     Defendant misrepresented to the Court and to Plaintiff that diversity jurisdiction exists, when Defendant Lyft possessed the knowledge that destroys diversity jurisdiction.

15.     Since Defendant Lyft knew Defendant Doe was domiciled in Colorado all along, Defendant Lyft, via its counsel, **misrepresented to the Court and to Plaintiff** that diversity jurisdiction existed when Defendant Lyft in fact knew that diversity did not exist in order to needlessly increase litigation costs, harass, and cause unnecessary delay.

16.     Other courts sanction defendants for failing to sufficiently investigate their citizenship. Here, Defendant Lyft intentionally removed the case knowing removal was frivolous and further misrepresented to the Court and to Plaintiff that removal was proper when Defendant Lyft knew all along that Defendant John Doe was a citizen of the state of Colorado. Defendant Lyft's removal here was entirely frivolous. *See e.g., Kansas ex. Rel. Kiline v.* Price, 2006 U.S. Dist. LEXIS 74143 (D.C. Kan. 2006); *Dimitrijevic v. TV&C GP Holding Inc.*, 2005 U.S. Dist. LEXIS 50203 (S.D. Texas 2005), attached hereto as **Exhibit D.**

17.     Pursuant to Fed. R. Civ. P. 11(c)(5)(a), Plaintiff requests the Court sanction Defendant Lyft, via its counsel, in sufficient manner to deter repetition of the conduct or comparable conduct by others similarly situated according to subsection (c)(4).

18.     Plaintiff further requests the Court direct payment to Plaintiff for reasonable attorney's fees and other expenses directly resulting from Defendant Lyft's conduct via its counsel according to Fed. R. Civ. P. 11(c)(4).

## CONCLUSION

Defendant Lyft's and its counsel's conduct, as specifically outlined herein, constitutes sanctionable conduct. Defendant Lyft outright misrepresented to the Court and Plaintiff that diversity jurisdiction exists in this matter when Defendant Lyft has known throughout that Defendant John Doe is a citizen of the state of Colorado. This conduct has caused unnecessary delay, needlessly increased costs of litigation, and harassment to Plaintiff in violation of Fed. R. Civ. P. 11(b).  Plaintiff respectfully requests the Court remand the case to state court and award fees and costs in this matter.


Dated this 15th day of April 2021.


Respectfully submitted,

s/ Lia R. Rottman
Jacob Galperin, # 45625
Lia R. Rottman, #52187
Galperin & Associates, PC
Telephone: (720) 501-3451
Email: jg@galperinlegal.com
*Attorneys for Victoria Deese*


*Original signature of Lia Rottman, Esq., on file at office of* Galperin & Associates, P.C., *pursuant to Fed. R. Civ. P. 121 § 1-26*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April 2021, I electronically filed the foregoing Motion to Remand with the Clerk of the Court using the CM/ECF system which will send notification of this to the following individuals:

Jesse D. Rodgers
Scott D. Knight
1700 Lincoln Street, Suite 400
Denver, Colorado 80203
Phone: (303) 861-7760
Fax: (303) 861-7767
Jesse.Rodgers@lewisbrisbois.com
Scott.Knight@lewisbrisbois.com
*Attorneys for Defendant Lyft, Inc.*

Justin C. Mankin
Max Jones
4100 E. Mississippi Avenue, 16th Floor
Denver, Colorado 80246
Phone: (303) 592-6600
Fax: (303) 592-6666
jmankin@mac-legal.com
mjones@mac-legal.com
*Attorneys for Defendant John Doe/Vanessa Herrera*

s/ Lisa O'Quin Marquez
Lisa O'Quin Marquez, MBA
Senior Litigation Paralegal