

Jesse D. Rodgers<br>
1700 Lincoln Street, Suite 4000<br>
Denver, Colorado 80203<br>
Jesse.Rodgers@lewisbrisbois.com<br>
Direct: 303.562.9765

March 16, 2021                                                          File No. 37586.2568

**VIA ELECTRONIC MAIL ONLY**

Jacob Galperin
Lia R. Rottman
Galperin & Associates, P.C.
3773 Cherry Creek North Drive, Suite 701E
Denver, CO 80209
E-Mail: lr@galperinlegal.com
       jg@galperinlegal.com

Re:   *Ali Ahmed v. John Doe and Lyft, Inc.*
      Denver County District Court, Case No. 2021CV030740
      **Meet and Confer Letter re: Insurance Coverage Stipulation**

Dear Mr. Galperin and Ms. Rottman:

I represent Lyft, Inc. ("Lyft") in the above-referenced matter. As you are aware, this matter arises out of a motor vehicle accident which occurred on December 28, 2019 when Defendant John Doe (the "Driver"), was active on the Lyft website, application, and technology platform (the "Lyft platform"). I am writing to meet and confer with you regarding several issues pertaining to the venue, parties, and insurance coverage provided to the Driver in an effort to streamline this case for the benefit of all parties. As explained in further detail below, Lyft has procured a $1 million policy which provides coverage if the Driver is found to have negligently operated a vehicle while active on the Lyft platform at the time of the accident. Following your review of these issues, I would like to schedule a mutually convenient time to discuss next steps.

To facilitate the release of the Driver from personal liability and Lyft's dismissal, we will stipulate that (1) Lyft has procured a $1 million insurance policy in favor of the Driver to cover alleged damages arising out of any negligence found against Driver for the allegations in the Complaint, (2) that Driver is an insured under that policy, (3) that there are no coverage disputes regarding the policy's applicability to this case, and (4) Lyft will agree to forego enforcement of the arbitration clause that your client agreed to as part of the Lyft Terms of Service. This proposal would provide certainty regarding available insurance and who that insurance covers for your client's benefit.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4821-5137-6606.1

Letter to Mr. Galperin and Ms. Rottman
March 16, 2021
Page 2

**I.       Insurance Stipulation**

As noted above, Lyft has procured a $1 million policy which provides coverage if the Driver is found to have negligently operated a vehicle while active on the Lyft platform at the time of the accident.  We are willing to provide written confirmation of the available insurance coverage and applicable policy information.  In exchange for doing so, we propose that you dismiss the complaint against Lyft with prejudice, as it is unnecessary for your client to involve Lyft in this suit in order to recover from the applicable insurance policy.

The insurance stipulation confirms that there will not be any coverage disputes in the litigation or afterwards about the litigation.  Moreover, it constitutes a judicial admission that there is $1 million available to compensate Plaintiff for his alleged injuries upon proof of mere negligence against the Driver.  That admission saves Plaintiff both time and money since it eliminates the need for Plaintiff to prove claims for vicarious liability and direct negligence against Lyft, both of which are essentially derivative of the Driver's negligence in any event.   It also makes it easier for Plaintiff to recover and quickly as there will be no trial continuances, extraneous discovery disputes, or dispositive motion briefing regarding vicarious liability and direct negligence against Lyft, as they relate to and are impacted by the applicable TNC regulations that exist in Colorado. Our proposal would therefore reduce litigation fees and expenses for both sides by eliminating unnecessary causes of action and parties from this lawsuit. Moreover, our proposal would also entail Lyft's agreement to forego enforcement of the arbitration clause within Lyft's Terms of Service, which your client agreed to as a Lyft rider/passenger.

We note that by sending this letter, Lyft does not waive any rights, but expressly reserves them.

Please contact me to set up a time to discuss these issues further. I look forward to continuing a cooperative and productive dialogue with you in the hopes of efficiently resolving this matter. Thank you for your time and attention to this matter.

Very truly yours,

*/s/ Jesse D. Rodgers*

Jesse D. Rodgers of
LEWIS BRISBOIS BISGAARD & SMITH LLP

JDR
Encl.:   Proposed Stipulation
cc:      Counsel for Defendant John Doe (*via e-mail only*)