## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:21-cv-00782-MEH

ALI AHMED

      Plaintiff,

          v.

VANESSA HERRERA and LYFT, INC.

      Defendants.

---

## DEFENDANT, LYFT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

---

Defendant Lyft, Inc. ("Lyft"), by and through its undersigned counsel of record, Lewis Brisbois Bisgaard & Smith LLP, hereby submits its Response in Opposition to Plaintiff's Motion for Sanctions, and respectfully states as follows:

### INTRODUCTION

Plaintiff's motion is unwarranted for three primary reasons. First, Lyft's motion for removal was indisputably supported by law. Lyft did not misrepresent anything to the Court, as alleged by Plaintiff, because diversity jurisdiction **did** exist at the time of removal. Second, it is Plaintiff's burden to prosecute his case and any delay was caused by his failure to identify and serve his driver. Lyft was under no legal obligation, inclusive of deadlines or discovery requests, to provide the name and address of a fictitiously named co-defendant. Third, Lyft, through counsel, expressed legitimate concern about identifying another attorney's client without a discovery request or court order; yet, Plaintiff failed to seek either before the removal deadline. Lyft filed a Notice of Removal because it was warranted under the diversity statute as explained

above; it was not "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Thus, Lyft and its counsel proceeded properly based on the procedural posture of the case and, accordingly, should not be subject to any type of sanctions.

## ARGUMENT

### A.  Lyft's Removal was supported by law and, therefore, wholly appropriate.

The removal statute unequivocally states that if an action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictious names **shall be disregarded**." 28 U.S.C. § 1441(b)(1) (emphasis added).  Lyft removed this matter to this Court on March 16, 2021.  *See* ECF 1.  At that time, the only identified parties were Plaintiff and Lyft.  Plaintiff and Lyft are citizens of different states, the amount of controversy exceeds $75,000, and the forum defendant rule was not applicable because Lyft is not a citizen of the Colorado, the forum state. The "John Doe" Defendant was properly disregarded from the diversity calculus.  Accordingly, Lyft's Notice of Removal was proper and legally supported.

In his Motion for Sanctions, Plaintiff cites two Fifth Circuit opinions: *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997) and *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  *See* ECF 23, at ¶ 13.  Importantly, neither case supports Plaintiff's request for sanctions.  In fact, the Fifth Circuit determined, in both matters, that costs and fees should <u>not</u> be awarded to the respective plaintiffs.  *Avitts*, 111 F.3d at 33; *Valdes*, 199 F.3d at 294.  In *Avitts*, the Court stated, "a court's direction to award attorney's fees under § 1447(c) is triggered **only if** the court finds that the defendant's decision to remove was **legally improper**."  *Id.*, at 32 (emphasis added) (citing, *Maranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *see also Bresciani v.*

*Allstate Fire & Cas. Ins. Co.*, Case No. 18-cv-02960-PAB-SKC, 2019 U.S. Dist. LEXIS 22585, at *4 (D. Colo. Feb. 12, 2019) ("the key factor is whether the removing party had a legitimate, fair, or objectively reasonable basis for removing the case to federal court.") (citations omitted)). Furthermore, "[i]n undertaking this analysis, we look only to 'the complaint at the time the petition for removal filed.'" *Avitts*, 111 F.3d at 33 (quoting, *Miranti*, 3 F.3d at 928).

Again, at the time of removal, Plaintiff's Complaint was against Lyft and "John Doe." Accordingly, Lyft's removal to this Court was legally proper, objectively reasonable, legitimate, and fair. Plaintiff's request for attorney's fees and costs, or any other type of sanctions, must be denied on this basis alone.

### B. Lyft was under no legal obligation to share the identity of another co-defendant, prior to or at the time it filed its Notice of Removal.

At the time Lyft removed this action to this Court, it was under no legal obligation to share the identity of the "John Doe" defendant. Lyft had not received any formal discovery requests seeking the Plaintiff's driver's identity, nor were any Rule 26 disclosures due before the removal deadline. Accordingly, Plaintiff's insinuations that Lyft acted improperly, or misrepresented anything to this Court, is simply inaccurate and unpersuasive.

In *Newcombe v. Adolf Coors Co.*, the Ninth Circuit Court of Appeals upheld the district court's decision to deny that plaintiff's motion to remand. 157 F.3d 686, 691 (9th Cir. 1998) (remand denied because the defendant identified under a fictitious name was not necessary or indispensable under Fed. R. Civ. P. 19). Like the instant matter, the defendant in *Newcombe* removed the originally filed state court case to the applicable federal curt on the basis of diversity jurisdiction. *Id.* at 690. In addition, the *Newcombe* matter similarly involved a defendant identified under a fictitious name. *Id.* In the motion to remand, the plaintiff in

*Newcombe* argued that the defendants concealed the unidentified defendant's identity and "misrepresented to the court that there was complete diversity when in fact there was not." *Id*.

Here, Plaintiff has made nearly identical arguments and they fail for the same reasons they failed in *Newcombe*.   Therefore, the Ninth Circuit's considerations about removal and disclosure of an unknown identify are directly applicable.  As noted by the Court in *Newcombe*, "the district court was correct in only considering the domicile of the named defendants."  *Id*. And, "[s]econd, the defendants were **under no legal obligation** to disclose the [unknown defendant's] identity prior to discovery."  *Id*.  Thus, the Ninth Circuit correctly determined that "we cannot agree with [the plaintiff] that the defendants improperly concealed [unknown defendant's] identity."  *Id*.  This Court should apply the same principles and logic and, therefore, deny Plaintiff's motion for sanctions against Lyft.

### C. Counsel for Lyft expressed legitimate concern about sharing the identity of another attorney's client without a discovery request or court order.

Undersigned counsel for Lyft does <u>not</u> simultaneously represent John Doe (recently identified as Vanessa Herrera) in this matter.  *See* Lyft's Resp. to Pl.'s Mot. for Expedited Discovery, ECF 17 at 3. As Plaintiff's counsel is well aware, Plainitff's driver is represented the law firm Montgomery Amatuzio Chase Bell Jones, LLP.  Accordingly, Plaintiff's informal request to Lyft for the driver's name and address raised legitimate concerns about invading another party's attorney-client relationship.  In response to Plaintiff's request, Lyft offered to identify the driver pursuant to formal written discovery, Rule 26 disclosures or a Court Order. Plaintiff chose to file a motion for expedited discovery.  As noted in Lyft's Response, undersigned counsel raised its concerns with the Court. *See id.* at 3 n.1.  The Court's Order after the discovery hearing mandated Lyft to disclose the name and last known address of the driver,

and Lyft complied with the Court's Order.   Therefore, Lyft acted in accordance with the procedural posture of the case, and exercised its right to remove this case to this Court on the basis of diversity jurisdiction.  Sanctions are simply inappropriate and unwarranted here.

## CONCLUSION

Lyft filed its Notice of Removal because it was legally and procedurally allowed to do so under the diversity statute.  It was not, as Plaintiff alleges, "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Plaintiff's Motion for Sanctions simply has no basis in fact or law.

Based upon the foregoing, Lyft respectfully requests the Court deny Plaintiff's Motion for Sanctions against Lyft.

Respectfully submitted this 4th day of May, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    *s/ Jesse D. Rodgers*
Jesse D. Rodgers
Scott Knight
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Tel. 303.861.7760
*Attorneys for Defendant, Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT, LYFT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** was filed and served electronically to all known counsel of record via CM/ECF on this 4th day of May, 2021.

*s/ Michelle Sears*
A duly signed original is on file at the Law Offices of LEWIS BRISBOIS