IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-782-MEH

ALI AHMED

Plaintiff,

v.

VANESSA HERRERA and LYFT, INC

Defendants.

_____

**REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT LYFT**
_____

Plaintiff Ali Ahmed, by and through counsel of record, Galperin & Associates, P.C., submits this Reply in Support Motion for Sanctions Against Defendant Lyft pursuant to D.C.Colo.LCivR 7.1(d). In support thereof, Plaintiff states as follows:

1. Plaintiff clearly made every effort possible to ascertain Defendant John Doe's identity since before the case was even filed, but Defendant Lyft refused to disclose. Defendant Lyft's argument that it had legitimate concerns about disclosing the identity of Defendant Herrerra is a blatant misrepresentation to the Court. Defendant Lyft had no issue disclosing Defendant Herrerra's identity on its own without formal discovery and without a Court Order in exchange that Plaintiff stipulate to Defendant Lyft's dismissal from the case. *See* **Exhibit B.**

2. The Ninth Circuit *Newcombe* case obviously is not controlling authority in this matter. More importantly, *Newcombe* is distinguished from this case because it did not involve the naming of John Doe as a party from the beginning. The plaintiff had not even named the *dispensable* and

*unnecessary* defendant in the Complaint when the case was removed, only asserting that the defendant knew of the plaintiff's intention to later add the party that would destroy diversity. *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686 (9th Cir. App. 1998).

3. Here, Defendant John Doe was named in the Complaint from the beginning. As the defendant driver, the (now disclosed) Defendant Herrerra is indispensable. At the time Defendant Lyft removed this matter, Defendant Lyft knew there was not diversity jurisdiction, yet removed the case regardless for no other reason than to waste this Court's time and resources, and all the parties' time and resources. This point is further evidenced by the fact that Defendant Lyft has no response and takes no position whatsoever to Plaintiff's Motion to Remand that was filed on April 15, 2021, making a response due by May 6, 2021.

4. It is uncontroverted that Defendant Lyft's removal was in direct violation of the statute, for "improper purpose, such as to harass, cause unnecessary delay, [and to] needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). This conduct of knowingly and intentionally wasting the Court's and the parties' time and money should not be tolerated by this Court.

5. Fed. R. Civ. P. 11 provides that the Court may impose an appropriate sanction if the Court determines the Fed. R. Civ. P. 11(b) has been violated. The statute has clearly been violated.

6. Pursuant to Fed. R. Civ. P. 11(c)(5)(a), Plaintiff requests the Court sanction Defendant Lyft, via its counsel, in sufficient manner to deter repetition of the conduct or comparable conduct by others similarly situated according to subsection (c)(4).

7. Plaintiff further requests the Court direct payment to Plaintiff for reasonable attorney's fees and other expenses directly resulting from Defendant Lyft's conduct via its counsel according to Fed. R. Civ. P. 11(c)(4).

Dated this 7th day of May 2021.

                Respectfully submitted,

                s/ Lia R. Rottman
                Jacob Galperin, Esq.
                Lia R. Rottman, Esq.
                Galperin & Associates, PC
                Telephone: (720) 501-3451
                Email: jg@galperinlegal.com
                *Attorneys for Plaintiff Ali Ahmed*

*Original signature of Lia Rottman, Esq., on file at office of* Galperin & Associates, P.C., *pursuant to Fed. R. Civ. P. 121 § 1-26*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May 2021, I electronically filed the foregoing Motion to Remand with the Clerk of the Court using the CM/ECF system which will send notification of this to the following individuals:

Jesse D. Rodgers
Scott D. Knight
1700 Lincoln Street, Suite 400
Denver, Colorado 80203
Phone: (303) 861-7760
Fax: (303) 861-7767
Jesse.Rodgers@lewisbrisbois.com
Scott.Knight@lewisbrisbois.com
*Attorneys for Defendant Lyft, Inc.*

Justin C. Mankin
Max Jones
4100 E. Mississippi Avenue, 16th Floor
Denver, Colorado 80246
Phone: (303) 592-6600
Fax: (303) 592-6666
jmankin@mac-legal.com
mjones@mac-legal.com
*Attorneys for Vanessa Herrera*

                                                  s/ Lisa O'Quin Marquez
                                                  Lisa O'Quin Marquez, MBA
                                                  Senior Litigation Paralegal