IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00782-MEH

ALI AHMED,

    Plaintiff,

v.

LYFT, INC. and
VANESSA HERRERA,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion to Remand (ECF 23) and Motion for Sanctions (ECF 25). Defendant Lyft, Inc. ("Lyft") does not take a position on the Motion to Remand (ECF 23 at 1) and filed no response in opposition to it. The Motion for Sanctions is fully briefed. The Court finds that oral argument would not assist in the Motions' adjudication. For the reasons that follow, the Court grants the Motion to Remand and denies the Motion for Sanctions as moot.

## BACKGROUND

    Plaintiff was using Lyft's transportation service, riding in a car driven by a Lyft driver, when the vehicle was involved in an accident. The accident caused him injuries, and he seeks to hold both Lyft and the driver responsible under negligence and related causes of action. He alleged that the driver owned the car in which he was riding and was logged into Lyft's system at the time of the accident. However, because he did not yet know the person's name, he referred to the driver as "John Doe" for purposes of naming him as a Defendant.

    Plaintiff filed his complaint in Denver County District Court on March 2, 2021. Soon thereafter, on March 16, 2021, Lyft removed it pursuant to 28 U.S.C. § 1332 on diversity of

citizenship grounds. Lyft's two home states are Delaware and California. ECF 1 at ¶ 10. Later, in its response (ECF 19) to the Court's order to show cause, Lyft substantiated its allegation that Plaintiff is domiciled in Colorado. However, Lyft disregarded the John Doe Defendant's citizenship when it decided to remove the lawsuit to federal court. ECF 1 at ¶ 11.

Upon learning the driver's name (Vanessa Herrera), Plaintiff sought leave to amend the complaint to refer to her by name rather than by the previous John Doe placeholder designation. ECF 24. In his Amended Complaint, Plaintiff pleads that Defendant Herrera resides in Colorado. ECF 27 at ¶ 2. Defendant consented to the amendment. Defendant Herrera has not yet appeared in the lawsuit.

## **ANALYSIS**

As the Court explained in its order to show cause (ECF 10), "the district courts of the United States, as we have said many times, are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Pursuant to Section 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). Thus, "diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state— that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Id.*

Lyft does not dispute the loss of diversity of citizenship with Defendant Herrera's addition. The Court finds that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

Plaintiff also moves for his "attorney's fees and costs associated with the wrongful removal." ECF 23 at ¶ 20. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for whether to make a § 1447(c) fee and cost award turns on the reasonableness of the removal. *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist.*, 607 F.3d 1251, 1253 (10th Cir. 2010). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* To avoid a fee and cost award, Lyft must show that removal was proper and legitimate. *Ellis v. Groupamerica Co.*, No. CIV 01-953-LH, 2002 WL 35649872, at *1 (D.N.M. July 18, 2002). It must show more than a mere "colorable" basis. *Wallic v. Owens-Corning Fiberglass Corp.*, 40 F. Supp. 2d 1185, 1189 (D. Colo. 1999).

Because Lyft does not respond to the Motion for Remand, it does not address Plaintiff's request for a § 1447(c) fee and cost award. Instead, the Court looks to Lyft's response (ECF 30) to Plaintiff's sanctions motion for its defense of the removal. Citing 28 U.S.C. § 1441(b)(1), Lyft says that the removal statute permitted it to disregard the citizenship of the fictitious John Doe Defendant. However, Plaintiff's complaint otherwise made clear who that party was: the Lyft driver who was operating the vehicle in which he was riding when the accident occurred. The pleading elevated the status of the John Doe Defendant above that of mere "fictitious" party, sufficient to warrant giving the matter consideration.

Second, Lyft contends that "it was under no legal obligation to share the identity of the 'John Doe' Defendant." ECF 30 at 3. "Lyft had not received any formal discovery requests seeking the . . . driver's identity, nor were any Rule 26 disclosures due before the removal deadline." *Id*. While perhaps not through *formal* discovery, Plaintiff still was asking Lyft to identify its employee

3

driver. Just two days after removal, Plaintiff moved for expedited discovery on that point (ECF 12), and at the hearing held on that motion, the Court ordered Lyft to answer the question (ECF 16). Lyft was reluctant to divulge the driver's identity because the driver already had obtained her own counsel. "Accordingly, Plaintiff's informal request to Lyft for the driver's name and address raised legitimate concerns about invading another party's attorney-client relationship." ECF 30 at 4. However, Lyft's concern about informing Plaintiff of the driver's identity is irrelevant to whether the removal was proper. If Lyft knew the driver was domiciled in Colorado, then it should have known her eventual addition to the lawsuit would defeat diversity of citizenship.

The record suggests that Lyft should have known of the driver's Colorado ties. First, that knowledge may be inferred from the simple fact that the driver was working for Lyft at the time of the accident. Moreover, the record shows that Lyft actually did know who the driver was. On March 22, 2021, it offered to identify the driver if Plaintiff agreed to accept its insurance coverage stipulation (ECF 25-2) and dismiss it as a Defendant (ECF 25-1). On this record, the Court sees no legitimate, objectively reasonable basis for removing the personal injury lawsuit to federal court. At the time of removal, Lyft knew of Plaintiff's intention to name the driver as a Defendant (as soon as he learned the driver's identity) and easily could have determined the Defendant driver's citizenship for itself. Consequently, Plaintiff meets the standard for a fee and cost award under § 1447(c).

Plaintiff also moves for sanctions under Fed. R. Civ. P. 11. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct"; also permitted is "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Because the § 1447(c) award provides the same recovery, Plaintiff's request for Rule 11 sanctions is duplicative.

4

**CONCLUSION**

For the motor vehicle accident that occurred while he was using its transportation service, Plaintiff sues both Lyft and its driver. Lyft does not contest that the driver defeats complete diversity of citizenship, and the Court remands the lawsuit back to state court where he may continue litigating his claims. Because Lyft should have anticipated the lack of diversity, the Court also finds Plaintiff entitled to recover his reasonable fees and costs for the additional effort that the removal caused. Although the Court closes this case, it retains jurisdiction to consider the collateral issue of determining the amount of that fee and cost award. *Redunzel v. Indep. Sch. Dist. No. I-007*, No. CIV-19-377-SLP, 2019 WL 2271165, at *1 (W.D. Okla. May 28, 2019); *Ellis*, 2002 WL 35649872 at *1.

Accordingly, for the reasons stated above, Plaintiff's Motion to Remand [filed April 15, 2021; ECF 23] is **granted**. This action is **remanded** back to Denver County District Court where it was commenced as Case No. 2021CV030740. The Clerk of the Court shall close this case. Plaintiff shall file a motion for attorney fees and a bill of costs on or before **May 28, 2021**. The Motion for Sanctions [April 15, 2021; ECF 25] is **denied**.

Dated at Denver, Colorado, this 11th day of May, 2021.

                                                  BY THE COURT:

                                                  Michael E. Hegarty
                                                  United States Magistrate Judge