IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:21-cv-00782-MEH

ALI AHMED

    Plaintiff,

        v.

VANESSA HERRERA and LYFT, INC.

    Defendants.

**DEFENDANT, LYFT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND BILL OF COSTS**

Defendant Lyft, Inc. ("Lyft"), by and through its undersigned counsel of record, Lewis Brisbois Bisgaard & Smith LLP, hereby submits its Response in Opposition to Plaintiff's Motion for Attorney Fees and Bill of Costs (ECF 36), and respectfully states as follows:

## INTRODUCTION

The Court's Order was clear that Plaintiff may only move for "***reasonable*** attorney's fees and other expenses ***directly resulting***" from Lyft's removal of this action to federal court. *See* Order (ECF 34) at 4 (emphasis added). Plaintiff's counsel instead requests $13,450.00 in attorney's fees, and has presumably waived any costs since they are absent from the motion. The cumulative amount of $13,450.00 in attorney's fees spent by Plaintiff's counsel in pursuit of a remand to state court, *which was not even opposed by Lyft*, cannot withstand judicial scrutiny. Any award of attorney's fees here must be reduced both by line-item and a percentage of the request.

**STANDARD OF REVIEW**

In awarding reasonable attorney's fees, the district court begins by calculating a lodestar amount. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "Reasonableness may be determined by consideration of the factors listed in Rule 1.5 of the Colorado Rules of Professional Conduct." *Guardian Life Ins. Co. of Am. v. Wilds*, Case No. 12-cv-01215, 2014 U.S. Dist. LEXIS 147652, at *21 (D. Colo. Aug. 12, 2014). "Once ascertained, the lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved." *Albu v. Delta Mech. Inc.*, Case No. 13-cv-03087, 2015 U.S. Dist. LEXIS 95485, at *13 (D. Colo. June 30, 2015) (internal citation omitted). The court considers whether counsel used billing judgment, which "consists of winnowing hours actually expended down to hours reasonably expended," and that "fee-shifting statutes are not intended to replicate fees which an attorney could earn through a private fee arrangement." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). The court may adjust the lodestar "if the plaintiff has achieved only partial or limited success." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201-10 (10th Cir. 1986).

## RESPONSE TO PLAINTIFF'S MOTION

**I. Plaintiff succeeded in remanding this case to state court without opposition. Attorney's fees for $13,450.00 in order to do so are unreasonable.**

Counsel's unrestricted time spent for an effectively unopposed motion to remand do not align with Plaintiff's success. Moreover, Plaintiff's motion for expedited discovery was unnecessary and unrelated to the issue of removal. Eventually, through the normal course of discovery, Plaintiff would have discovered the driver's identity. Plaintiff's counsel's time spent is excessive in light of the issues in dispute, and are not related to Lyft's removal, as the Court required in its order.

**A. The claimed hours spent by Plaintiff's counsel are excessive in light of the relative simplicity of the issue of an unopposed remand motion.**

Removing a case to state court is both simple and routine. Even more so when no opposition is filed. As Plaintiff filed an unopposed motion to amend the complaint to substitute the fictitiously-named defendant for the driver's real name, Vanessa Herrera, Plaintiff also concurrently filed a four-page motion to remand. *See* Motions, ECF 23 and 24. As noted in the conferral section of that motion Lyft did "not take a position" on that remand motion, effectively making it an unopposed motion, and a response was never filed. *See* Mot. to Remand (ECF 23) at 1. Attorney Rottman spent 3.5 hours ($1,575.00) on this unopposed, four-page motion, while Attorney Galperin spent 2.0 hours ($1,500.00) "reviewing and conferencing" the same motion. *See* Pl.'s Exhibits to Motion (ECF 36-1 and 36-2). Collectively, Plaintiff's counsel spent 5.5 hours, totaling $3,075.00 on an unopposed, four-page motion to remand. *See id.* This Court must view the attorney's fees request relative to both the amount in controversy and simplicity of legal argument, and decrease the fee award accordingly.

### B. Plaintiff's motion for expedited discovery had nothing to do with removal.

Two days after Lyft removed this case, Plaintiff filed a motion for expedited discovery to discover the identity of the defendant driver. Plaintiff claimed that this motion was for the purpose of "determining subject matter jurisdiction", (*see* Motion, ECF 12 at 3), but in reality it was just an effort to discover the identity and then serve the driver with the complaint. On March 2, 2021, prior to removal to this Court, Plaintiff filed a motion for substituted service in Denver County District Court. *See* Exhibit "1". The purpose of that motion was to identify and serve the fictitiously named driver defendant through an insurance carrier because Plaintiff did not know the driver's identity. *See id.* at 2-3.

The Court's Order allowed Plaintiff "*reasonable* attorney's fees and other expenses *directly resulting*" from Lyft's removal of this action to federal court. *See* Order (ECF 34) at 4 (emphasis added). Here, whether or not Lyft removed this case from state court, Plaintiff would have filed a motion for expedited discovery in order to discover the name and identity of the driver in order to effect service, as he was clearly unwilling to complete proper service of the complaint or wait for the normal course of discovery to begin. Thus, Plaintiff's motion for expedited discovery had nothing to do with whether Lyft's removal was proper or not; the motion was not necessitated by Lyft's removal.

In the event the Court finds that Plaintiff's motion for expedited discovery "directly result[ed]" from Lyft's removal of this action to this Court, which Lyft contends it was not, the Court must still evaluate whether Plaintiff's counsel's fees are reasonable based on the legal standard and case law discussed *supra*. Here, Plaintiff's motion for expedited discovery consisted of a two-and-a-half page motion and a single exhibit. *See* Motion for Expedited

Discovery (ECF 12). Attorney Rottman spent 4.5 hours drafting this motion and she spent 1.0 hours drafting the reply, while Attorney Galperin spent one hour "reviewing and conferencing" the motion and another hour "reviewing and conferencing" the reply. *See* Pl.'s Exhibits to Motion (ECF 36-1 and 36-2). Collectively, Plaintiff's counsel spent 5.5 hours preparing a two-and-a-half page motion, and 2.0 hours preparing an even shorter reply (with no exhibits), for total fees of $3,975.00. *See id.* This is a textbook example of overbilling. Moreover, and as discussed in Section III, *infra*, Plaintiff's counsel did not even need to file a motion to remand; it would have been automatic once the driver was joined. *See* 28 U.S.C. 1447(e).

To account for Plaintiff's attorneys' overbilling, a general reduction to the requested fee is appropriate. *Han-Noggle v. City of Albuquerque*, 632 F. App'x. 476, 482 (10th Cir. 2014) (affirming the district court's decision to reduce attorney's fees for overbilling); *Scott v. City and County of Denver*, Case No. 12-cv-00053, 2014 U.S. Dist. LEXIS 9493, at *8-9 (D. Colo. Jan. 27, 2014) (reducing for excessive billing). The billing records provided in Plaintiff's Motion and their affidavits show that they spent an inordinate amount of time on relatively short and simple briefs, including a motion to remand that was unopposed. Plaintiff's counsel's failure to exercise genuine billing judgment supports a reduction in hours. *See Garcia v. Midland Credit Management, Inc.*, Case No. 13-cv-02937, 2015 U.S. Dist. LEXIS 108783, at *6 (D. Colo. Aug. 18, 2015) ("Where an attorney has failed to exercise billing judgment, the court may do so for him by striking problematic entries or by reducing the hours requested by a percentage."). This Court must view the attorney's fees request relative to both the amount in controversy and simplicity of legal argument, and strike or decrease the fee award accordingly.

### C. The claimed hours spent by Plaintiff's counsel's paralegal lack any support or requisite detail and should be stricken entirely.

Plaintiff's motion includes ten hours of paralegal time billed at $250.00 per hour for a total of $2,500.00. This time is claimed but lacks any affidavit or detail. It similarly lacks any timesheet, dates or time it took for certain tasks that would allow the Court to determine when these activities took place or how long they took to accomplish. A reasonable hourly rate is determined by the market rate charged in the community for "similar services by lawyers of reasonable comparable skill, experience, and reputation." *Anderson v. Pursell*, 244 P.3d 1188, 1197 (Colo. 2010). Importantly, the "burden is on the fee applicant to provide satisfactory evidence - in addition to the attorney's own affidavit - that the requested rates are in line with those prevailing in the community for similar services . . ." *Id.* Other courts have found that paralegal rates in the Denver metro area are closer to $100.00 per hour or even less. *See, e.g., Martin v. Gottlieb*, Case No. 2017CV30474, 2018 Colo. Dist. LEXIS 1143 (Boulder Cty. Dist. Ct., May 9, 2018); *Padilla & Padilla, PLLC v. Chambers*, Case No. 2016CV650, 2018 Colo. Dist. LEXIS 3330 at *8-9 (Denver Cty. Dist. Ct. Jul. 13, 2018).

Plaintiff's motion fails to provide any evidence of customary rates charged by other paralegals in the Denver metro area and should be stricken entirely. If the Court is inclined to entertain Plaintiff's request for paralegal fees, despite the lack of any evidentiary support, then the hourly rate should be adjusted downward significantly.

### II. With the amount in controversy and the simplicity of the case in mind, it is apparent that the claimed number of billed hours is unreasonable.

"The burden of proving the claimed number of hours and rates is on the applicant." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). "The court's most careful labor must

be concentrated on adjustment to claimed hours and rates in order to arrive at reasonable hours and rates." *Mares*, *supra*, 801 F.2d at 1201-02. Plaintiff cannot meet this burden because the fees lack specificity, and are unreasonable and excessive.

### A. Certain of Plaintiff's counsel's time entries lack requisite specificity.

"The best evidence of reasonable fees is 'meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Albu*, 2015 U.S. Dist. LEXIS 95485, at *19 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (*quoting Ramos v. Lamm*, 713 F.2dd 546, 553 (10th Cir. 1983))). The burden is on the requesting party "to prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Such a requirement includes explaining the task itself.

Here, Plaintiff's fee bill includes numerous entries which entirely lack explanation and instead use generalized and vague language. *See generally* Motion, Ex. 1 (ECF 36-1) (no dates listed for any entry); Motion, Ex. 2 (ECF 36-2) ("reviewing and conference" is vague, no dates listed for any entry, "Emails re this case, its removal to federal court, expedited discovery and remand to state court" are vague and overbroad since they are not directly related to Lyft's removal, and the emails themselves are not attached in order to verify the reasonableness of the time spent. Ms. O'Quin's time is vague and contains duplicative scheduling entries: "preparing filings, scheduling hearing, email/corresponding, making copies and coordinating schedule . . .")

Plaintiff's counsel failed to meet their burden of providing detailed records of how each billed hour was spent. By providing vague descriptions for significant chunks of time, Plaintiff's counsel makes it difficult, if not impossible, for Lyft to determine the amount of time attorneys

spent on specific tasks and to evaluate their billing judgment. Thus, Lyft cannot reasonably determine whether these amounts billed are justified because they are non-specific, undated, vague and generalized. Therefore, Lyft requests that the Court reduce these billing entries because of their vagueness and general lack of specificity. *See Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) (same).

### III. Plaintiff's achievement of a remand to state court is but a moderate indicia of success, and indicative of the need for downward adjustment of the lodestar.

This case cries out for a downward adjustment of the lodestar amount and this Court is in the best position to determine if the lodestar amount must be adjusted downward. *Cohen v. Am. Credit Bureau, Inc.*, Case No. 10-5112, 2012 U.S. Dist. LEXIS 33687, at *22 (D.N.J. Mar. 13, 2012) (citing *Ballard v. Schweiker*, 724 F.2d 1094, 1098 (4th Cir. 1984) and *Bell v. United Princeton Prop.*, 884 F.2d 713, 721 (3d Cir. 1989).

The lodestar may be reduced to reflect the "indicia of success—the extent of relief, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served." *Farrar v. Hobby*, 506 U.S. 103, 122 (1992) (O'Connor, J., concurring).

The materiality of Plaintiff's success may be considered by whether her success "accomplished some public goal other than occupying the time and energy of counsel, court, and client." *Id.* at 122. Plaintiff's counsel's motion lacks any description of how an unopposed remand motion accomplished any public goal other than an implied preference for state court practice. As an indicia of success, this must be somewhere near the spectrum of *de minimus*. And further, the Court may also consider "the extent of relief" and "the significance of the legal issue on which the plaintiff prevailed." *Farrar*, 506 U.S. at 122.

Here, Plaintiff did not have to meet his burden to prove damages or liability before a jury, or even engage in evidentiary or dispositive motion practice. Instead, Plaintiff achieved a motion to remand this case to state court, which was not even opposed by Lyft. Thus, Plaintiff's indicia of achievement is moderate, at best, and therefore the Court's award must reflect such minimal procedural success. *Id.*

Moreover, under 28 U.S.C. § 1447(e), Plaintiff's motion to remand was not even necessary at all. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* Thus, once Plaintiff had obtained the name of the driver defendant through proper discovery, he could have simply moved to join the driver defendant and, if the Court granted the same, then it could remand the case pursuant to 28 U.S.C. 1447. Therefore, Plaintiff's billable time spent for a motion to remand was entirely unnecessary in light of Section 1447(e).

### IV. A general reduction of the attorney's fees is warranted here supported by independent, objective and market-specific research.

The attorney's fee award here must be lesser than the amount requested because a reduction is warranted by the facts and circumstances of the case, *Mares*, 801 F.2d at 1203, in addition to independent, objective and market-specific research on attorney hourly rates. *See* Exhibit "2", Colo. Bar Ass'n 2017 Economics of Law Practice Survey. Attorney Galperin was admitted to practice law in the State of Colorado in February 2013 and he was admitted to practice law in the State of New York in February 2012. He has slightly over nine (9) years of experience total although less experience practicing in this state. Attorney Rottman was admitted to practice law in the State of Colorado in June 2018 and she was admitted to practice

law in the State of Oklahoma in April 2017, giving her four (4) years of experience, but again, less time practicing in Colorado. Reviewing Plaintiff's attorneys' experience through the lens of the Colorado Bar Association's 2017 survey, the average hourly rate for Attorney Galperin is $225 per hour, while the average hourly rate for Attorney Rottman is $203 per hour. *See* Exhibit "2" at 35. It is unknown how many years Ms. O'Quin has been a paralegal, but the highest hourly rate average from the Colorado Bar Association's survey for a paralegal with 20+ years of experience is $126.00, about half the rate that Plaintiff is claiming. *See* Exhibit "2" at 40. Using the Colorado Bar Association's 2017 survey as a guide, a more reasonable blended or average rate Plaintiff's counsel's would be $185.00 (making the most generous assumption that Ms. O'Quin has 20+ years of litigation experience).

## CONCLUSION

Zealous advocacy has its bounds, and Lyft implores the Court to use its discretion to adjust the attorney's fees downward here. This was case was removed and then remanded in a period of less than two months. Aside from having to file an effectively unopposed motion to remand, there is no reasonable explanation why Plaintiff's attorney's fees are over two times the average hourly rate found by using the Colorado Bar Association's 2017 economic survey. The "relationship between the amount of the fee awarded and the results obtained" here necessitates reducing the fees to what should reasonably have been incurred. *Hensley*, 461 U.S. at 436-40. Proportionality, importance of the issues, amount in controversy, and burden or expense in light of likely benefit must be observed in the pursuit of justice, and they were not observed here.

WHEREFORE, Lyft respectfully requests the Court: (1) reduce the hourly rate for Attorney Galperin to $225/hour; (2) reduce the hourly rate for Attorney Rottman to $203/hour;

(3) strike entirely Ms. O'Quin's time for lack of any support and the above-reference issues with her time entries; (4) reduce the claimed attorney billable time to ten (10) hours – two hours for Attorney Galperin ($500.00 total fees) plus eight hours for Attorney Rottman ($1,624.00 total fees) – which is a reasonable amount in light of the Plaintiff's relative degree of success, amount in controversy, simplicity of the case, and awards in similar cases; and (5) grant such further relief to Defendant as the Court deems just and proper.

Respectfully submitted this 8th day of June, 2021.

>LEWIS BRISBOIS BISGAARD & SMITH LLP
>
>By: *s/ Jesse D. Rodgers*
>Jesse D. Rodgers
>Scott Knight
>1700 Lincoln Street, Suite 4000
>Denver, Colorado 80203
>Tel. 303.861.7760
>*Attorneys for Defendant, Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT, LYFT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND BILL OF COSTS** was filed and served electronically to all known counsel of record via CM/ECF on this 8th day of June, 2021.

>*s/ Michelle Sears*
>A duly signed original is on file at the Law Offices of LEWIS BRISBOIS